**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES CRABLE,

        Plaintiff,

v.                                                  Case No. 6:16-cv-544-Orl-37TBS

PREMIER BATHS, INC. and
BILL KELLY,

        Defendants.

**ORDER**

This cause is before the Court on Plaintiff's, Charles Crable, Amended Motion to Set Aside Order of Dismissal, Dated August 29, 2016 [Doc. 70] (Doc. 73), filed September 14, 2016.

Plaintiff commenced this action in the U.S. District Court for the Northern District of New York. (*See* Doc. 1.) On March 31, 2016, the case was transferred to this Court. (Docs. 32, 33.) Subsequently, the Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (Doc. 56.) In response, Plaintiff averred that he had only recently retained counsel and needed additional time to allow his counsel to bring the case current. (Doc. 60; *see also* Doc. 63.)

On May 24, 2016, the Court granted Plaintiff's motion for entry of default against Defendants. (Doc. 64.) Following entry of default, Plaintiff failed to move for entry of default judgment. (*See* Doc. 68.) Consequently, the Court again directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (*Id.*) Plaintiff responded that his counsel was preparing a motion for summary judgment and that it would be filed on or before Monday, August 15, 2016. (Doc. 69.) After Plaintiff failed to

file a motion by that date, the Court dismissed the case without prejudice on August 29, 2016. (Doc. 70 ("**Dismissal**").) In the instant Motion, Plaintiff requests that the Court set aside the Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6).[1] (Doc. 73, pp. 2–3.)

Rule 60(b) provides that a court may relieve a party from a final judgment for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief." *See* Fed. R. Civ. P. 60(b)(1),(6). "[T]he decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). "The Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

In the context of Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Relevant considerations include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was

---

[1] Plaintiff's request for relief under Rule 60(b)(6) is inappropriate in light of Plaintiff's reliance on excusable neglect as the basis for his Motion. *See Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (explaining that Rule 60(b)(1) and (b)(6) are mutually exclusive such that "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1).").

within the reasonable control of the movant, and whether the movant acted in good faith." *See* 507 U.S. at 395. The moving party bears the burden of establishing entitlement to Rule 60(b)(1) relief. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Plaintiff represents that the Dismissal should be set aside because: (1) his counsel's failure to file the summary judgment motion by a self-imposed deadline was "excusable neglect"; and (2) the untimeliness for such an "innocent oversight" was not deliberate or intended to delay the instant action. (*Id.* at p. 2.) Indeed, under some circumstances the failure to meet a filing deadline because of an attorney's mistake of fact can constitute excusable neglect. *See United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012). However, here, Plaintiff's demonstrated lack of diligence over the course of this litigation renders any neglect in this case inexcusable. As such, the Court finds that Plaintiff's Motion is due to denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's, Charles Crable, Amended Motion to Set Aside Order of Dismissal, Dated August 29, 2016 [Doc. 70] (Doc. 73) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 11, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro se